Corpus. IV. Deficient Sentence), 76 A.L. R. 468 at page 505.

We have held however that on appeal a judgment assessing a punishment less than the minimum provided by law will be reversed. See Simmons v. State, 156 Tex. Cr.R. 601, 245 S.W.2d 254.

We overrule Relator's contention that the trial court, after waiver of trial by jury, is without power to assess the punishment upon a plea of guilty to an offense less than capital. Ex Parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286.

The relief prayed for is denied.

Opinion approved by the Court.

**James D. REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27080.**

Court of Criminal Appeals of Texas.

Oct. 27, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

**PER CURIAM.**

Appellant was convicted for the misdemeanor offense of swindling with a worthless check, and his punishment was assessed at 10 days in jail and a fine of $50.

The record contains no notice of appeal, therefore this court is without jurisdiction.

The appeal is dismissed.

**Glen Douglas MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27107.**

Court of Criminal Appeals of Texas.

Oct. 27, 1954.

No attorney on appeal for appellant.

Ewing Werlein, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., Austin, for the State.

PER CURIAM.

Appellant was convicted as a second offender of the offense of robbery by assault, and his punishment was assessed at confinement in the state penitentiary for life.

The indictment and all other matters of procedure appear regular. The record is before us without a statement of facts and bills of exception, in the absence of which no question is presented for review.

The judgment of the trial court is therefore affirmed.